**SO ORDERED.**

**SIGNED this 12 day of August, 2009.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

WILLIAM F. KUERS and
PAMELA M. KUERS,

      Debtors.

Case No. 09-01083-8-JRL
Chapter 13

## ORDER

The matter before the court is the motion for reconsideration of the order confirming plan by Scott A. Roettger. On July 14, 2009, the court conducted a hearing in Greenville, North Carolina. This order confirms and provides the rationale for the oral ruling at the conclusion of hearing allowing the motion.

On February 12, 2009, the debtors filed a petition for relief under chapter 13 of the Bankruptcy Code. The court entered an order confirming the debtors' chapter 13 plan on April 22, 2009. Among the claims listed in the debtors' schedules was an unsecured nonpriority claim of Scott Roettger in the amount of $10,000.00. Subsequent to confirmation, Mr. Roettger filed a response in which he objected to the treatment of his claim. Because his response to the motion for confirmation was untimely, Mr. Roettger filed a motion on June 1, 2009 to reconsider confirmation of plan and to modify the plan to treat him as a secured creditor.

The issue before the court is the priority status of the claim of Mr. Roettger. Mr.

Roettger's claim arose from an internet transaction in which Mr. Roettger agreed to purchase two cars advertised for sale by the male debtor. In January of 2006 the male debtor listed a 1970 Dodge Challenger race car together with a "shell car" for sale on eBay. The listing included photos of the vehicles and provided that the vehicles were being sold "as is." The vehicles were subject to bidding but could be purchased under a "buy it now" option for a purchase price of $9,500.00. The listing further indicated that the purchaser was responsible for removing the vehicles from the seller's residence within 30 days of sale. Mr. Roettger found the male debtor's listing on eBay and agreed to purchase the vehicles for $9,500.00. After purchasing the vehicles, Mr. Roettger contacted the male debtor and arranged to have the vehicles transported to Florida for an additional sum of $1,500.00. Mr. Roettger established at hearing that he paid $1,000.00 to the male debtor as a nonrefundable cash deposit and made two subsequent payments of $5,000.00 each in the form of cashier's checks.

Following the sale of the vehicles and the male debtor's agreement to deliver them to Florida, the male debtor informed Mr. Roettger that he could no longer provide transportation for the vehicles. As a result, Mr. Roettger hired a third party to pick up the vehicles at the debtors' residence and transport them to Florida. The third party arrived at the debtors' residence in June or July of 2006 and loaded the 1970 Dodge Challenger race car onto a trailer. In addition, the male debtor provided the third party with a certificate of title to the 1970 Dodge Challenger race car. Approximately four days later, however, Mr. Roettger had the vehicle returned to the debtors' residence. The condition of the 1970 Dodge Challenger race car upon its return is a subject of dispute. At hearing, the male debtor testified that there were items missing from the vehicle when it was returned. On cross-examination, Mr. Roettger denied that any parts were

missing but admitted that the vehicle was returned without title.

In January of 2007, Mr. Roettger established at hearing that he and the male debtor renegotiated the terms of their agreement.  Under the terms of the new written agreement (the "Renegotiated Agreement"), the male debtor promised to supply Mr. Roettger with a "comparable replacement for the 1970 Dodge Challenger" that was a "running/driver car" and was subject to Mr. Roettger's approval.  The Renegotiated Agreement was dated January 20, 2007 and signed by Mr. Roettger and the male debtor.

At hearing, the male debtor established that he offered several vehicles to Mr. Roettger in place of the 1970 Dodge Challenger, including a Plymouth Duster and a Pontiac Trans Am.  However, Mr. Roettger refused to accept any of these vehicles as a comparable replacement.  Subsequently, in May of 2008, Mr. Roettger testified that the male debtor offered him a 1969 Plymouth Roadrunner in satisfaction of the Renegotiated Agreement.  Mr. Roettger established that he agreed to accept the Roadrunner as a comparable car based on certain repairs and additions the male debtor promised to make.  Following several months of email communications regarding the status of the Roadrunner, Mr. Roettger drove to the debtors' residence on a weekend to pick up the vehicle.  However, Mr. Roettger established that the male debtor failed to meet him that weekend and Mr. Roettger returned to Florida without the Roadrunner.  During Mr. Roettger's return trip to Florida, Mr. Roettger testified that the male debtor called to inform him that the Roadrunner had been sold.  Subsequently, in February of 2009, the debtors filed for bankruptcy.

Mr. Roettger seeks to modify the debtors' plan to treat him as a secured creditor.  However, the court finds no basis for Mr. Roettger's assertion that he has a secured claim in this

case. Under North Carolina law, perfection of a security interest in a motor vehicle requires the notation of a lien on the vehicle's certificate of title. N.C. GEN. STAT. § 20-58. In this case, there is no evidence of a security agreement or a notation of lien on a certificate of title to support Mr. Roettger's assertion that he has a security interest. As a result, the court finds that Mr. Roettger has an unsecured claim for the sum of the amounts paid to the male debtor.

However, an issue remains as to whether Mr. Roettger is entitled to an unsecured priority claim. Section 507 of the Bankruptcy Code grants priority status to allowed unsecured claims of individuals "arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided." 11 U.S.C. § 507(7). The amount of a priority claim under § 507(7) is limited to $2,425.00 per individual. Id. In this case, the court finds that the terms of the original transaction over eBay were cancelled when the parties entered into the Renegotiated Agreement. Under the terms of the Renegotiated Agreement, the male debtor agreed to provide Mr. Roettger with a "running/driver car" that was a "comparable replacement for the 1970 Challenger" subject to approval by Mr. Roettger. Although the Renegotiated Agreement imposed a deadline of July 31, 2007, the court finds that the deadline is not enforceable because both parties continued to negotiate throughout 2008. Therefore, under § 507(7), Mr. Roettger is entitled to an unsecured priority claim in the amount of $2,425.00 for the money he deposited with the debtors toward the purchase of a vehicle which the debtors failed to provide. The balance of Mr. Roettger's claim remains an unsecured nonpriority claim.

Based on the foregoing, the motion for reconsideration of the order confirming plan is

ALLOWED.  The debtors' confirmed plan must provide for an unsecured priority claim in the amount of $2,425.00.

"END OF DOCUMENT"